Bradshaw v. Hernandez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of September, two thousand nineteen.

PRESENT:   ROBERT A. KATZMANN,
                         *Chief Judge,*
               DENNY CHIN,
               JOSEPH F. BIANCO,
                         *Circuit Judges.*
_____

Jay Bradshaw,

       *Plaintiff-Appellant,*

       v.                                                                    18-606

Officer Hernandez, Individually and as a Member of the New York City Department of Correction, Officer Alphonse, Shield #11206, Individually and as a Member of the New York City Department of Correction,

       *Defendants-Appellees,*

       v.

City of New York, Captain Bailey, Individually and as a Member of the New York City Department of Correction, Captain Latanya Brown, Shield #821, Individually and as a Member of the New York City

Department of Correction,

*Defendants.*[1]

FOR PLAINTIFF-APPELLANT:    Jay Bradshaw, pro se, Upstate Correctional Facility, Malone, NY.

FOR DEFENDANTS-APPELLEES:    Zachary W. Carter, Corporation Counsel of the City of New York, Jeremy W. Shweder, Eric Lee, of Counsel, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Peck, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Jay Bradshaw, proceeding *pro se*, appeals the district court's February 7, 2018 judgment in favor of Defendants-Appellees. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Bradshaw asserted claims under 42 U.S.C. § 1981 and 42 U.S.C. § 1983 against Defendants-Appellees arising out of two alleged incidents that occurred while he was incarcerated at the Manhattan Detention Center in New York. First, Bradshaw alleged that Defendant-Appellee Officer Hernandez failed to prevent three other inmates from attacking him in his cell on November 20, 2015, and that corrections officers denied him adequate medical care in the wake of that attack. Second, Bradshaw alleged that, on November 25, 2015, Defendant-Appellee Officer Alphonse trapped Bradshaw's hand in the feeding slot of his cell and struck his hand several times with a walkie-talkie. As relevant here, Bradshaw alleged that Officer Hernandez was deliberately indifferent to Bradshaw's health and safety in violation of the Eighth Amendment and that Officer Hernandez's actions were motivated by racially discriminatory intent in violation of the Equal

---

[1] The Clerk of Court is directed to amend the caption as shown above.

Protection Clause of the Fourteenth Amendment. Bradshaw also sought to recover from the City of New York under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).[2] The district court granted summary judgment to Defendants-Appellees on Bradshaw's Equal Protection claim, his claim of deliberate indifference as it related to the failure to address his medical needs, and his *Monell* claim, but allowed the Eighth Amendment claims relating to Officer Hernandez's conduct at the time of the incident to proceed to trial, where a jury returned a verdict in favor of Officer Hernandez.

On appeal, Bradshaw challenges only the district court's order granting summary judgment against him, and specifically only those portions granting summary judgment on his claims of deliberate indifference to his medical needs and denial of equal protection. Bradshaw also challenges the district court's denial of his request for an extension of time to pursue discovery in support of his *Monell* claim. His other claims are abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

We review the district court's grant of summary judgment *de novo*, "resolving all factual ambiguities and drawing all reasonable factual inferences in favor of the nonmoving party," *John Wiley & Sons, Inc. v. DRK Photo*, 882 F.3d 394, 401 (2d Cir. 2018), and we review its denial of Bradshaw's discovery requests for abuse of discretion, *Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 561 (2d Cir. 1997). We construe Bradshaw's *pro se* brief to raise the strongest arguments it suggests. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

We find no abuse of discretion in the district court's denial of Bradshaw's motion for additional discovery, either with respect to Bradshaw's request for photographs of Officer

---

[2] Unless otherwise indicated, all internal alterations, citations, and quotation marks are omitted.

Alphonse, as to which the district court concluded that Defendants had produced all such photographs, or with respect to Bradshaw's interrogatories, which the district court deemed untimely.[3]

On the merits of Bradshaw's claims, the district court correctly concluded that Bradshaw failed to offer evidence sufficient to sustain a reasonable jury's conclusion that the delay in his receiving medical care "pose[d] an unreasonable risk of serious damage to his health," *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), as required to survive Defendants' motion for summary judgment on his Eighth Amendment claim.

Bradshaw also challenges the district court's grant of summary judgment to Defendants-Appellees on Bradshaw's Equal Protection claim. The question for the district court at that stage was whether, "upon review of the record as a whole, that there were no *genuine* issues of material fact in the instant case — that is, that even after drawing all inferences in the light most favorable to [Bradshaw], no reasonable jury could have issued a verdict in his favor." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005). Citing several cases decided at the motion-to-dismiss stage, the district court characterized Bradshaw's deposition testimony as containing mere "conclusory allegations" that "do not support an Equal Protection claim." *Bradshaw v. City of New York*, No. 17-CV-1199 (AJP), 2017 WL 6060781, at *14 (S.D.N.Y. Dec. 7, 2017). Elsewhere, the district court concluded that, despite that testimony, Bradshaw "ha[d] no competent evidence that any of the individual defendants were motivated by racial discrimination." *Id.* at *14 n.15. The district court's discussion leaves reason to doubt both that it applied the correct standard to the

---

[3] Nor did the district court abuse its discretion in denying Bradshaw's request to the extent it was brought pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, as Bradshaw did not file the supporting affidavit required by that Rule. *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994).

summary-judgment evidence, and that it properly accounted for Bradshaw's deposition testimony as such evidence whose credibility and weight were questions for the jury. *See Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996) ("In applying [the summary-judgment] standard, the court should not weigh evidence or assess the credibility of witnesses."). But "[w]e may affirm . . . on any ground supported by the record," *McElwee v. Cty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012), and in this case the jury's subsequent verdict has rendered immaterial any disputes of fact that may have existed at the summary-judgment stage.

At trial on Bradshaw's Eighth Amendment claim, the jury returned a special verdict answering "no" to the question, "Did . . . Hernandez observe plaintiff Bradshaw being attacked by other inmates, have a realistic opportunity to intervene, and deliberately fail to take reasonable steps to prevent that attack?" Although the parties have not addressed the effect of the jury's verdict on Bradshaw's appeal, we may raise law of the case issues *nostra sponte*. *DiLaura v. Power Auth. of State of N.Y.*, 982 F.2d 73, 76 (2d Cir. 1992). And while application of the law of the case doctrine to a jury verdict "depends . . . on the interpretation and quality of the verdict itself," *Devilla v. Schriver*, 245 F.3d 192, 197 (2d Cir. 2001) — questions that are ordinarily best left to the district court's discretion — judicial economy counsels against a remand here, especially given the detailed nature of the jury's special verdict, which was reached after Bradshaw had a full opportunity to be heard, *cf. Cain v. Atelier Esthetique Inst. of Esthetics Inc.*, 733 F. App'x 8, 12 (2d Cir. 2018). Bradshaw's Equal Protection and Eighth Amendment claims against Officer Hernandez were each premised on the common allegation that Officer Hernandez failed to intervene to prevent the November 20, 2015 attack. The jury's finding that Officer Hernandez did *not* fail to intervene was fatal to Bradshaw's Eighth Amendment claim at trial and, as the law of the case, is fatal to Bradshaw's Equal Protection claim as well.

We have considered Bradshaw's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

<div align="center" style="margin-left:40%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>